1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 LOUIS T. RETANAN, | CASE NO. 1:11-cv-01629-GBC (PC) |
| 11  Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION |
| 12  v. | Doc. 6 |
| 13 CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al., | ORDER DISMISSING ACTION FOR |
| 14 | FAILURE TO STATE A CLAIM UPON |
| 15  Defendants. | WHICH RELIEF MAY BE GRANTED |
| 16 / Doc. 1 | |

17

18          **I. Procedural History, Screening Requirement, and Standard**

19          On September 26, 2011, Plaintiff Louis T. Retanan ("Plaintiff"), a state prisoner proceeding

20 pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging

21 illegal restitution. Doc. 1. On January 4, 2012, Plaintiff filed a motion for injunction to stop

22 Defendants from deducting restitution. Doc. 6.

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

25 Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

26 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

28 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*
7  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
8  unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
9  factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

10     While prisoners proceeding pro se in civil rights actions are still entitled to have their
11  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
12  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
13  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
14  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
15  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*
16  *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
17  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

18     Section 1983 provides a cause of action for the violation of constitutional or other federal
19  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
20  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link
21  between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at
22  1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
23  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
24  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
25  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
26  //
27  //
28  //

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names California Department of Corrections and Rehabilitation; D. Foston, Chief, Office of Appeals; Dana B. Allen, Associate Warden, Business Services; Linda T. Kalb, Acct. Officer Supervisor; J. Morgan, CC II; D. Foreman, Appeals Coordinator; L. Harton, AFPA; and T. Neal, CDCR employee. Compl. at 1-3, Doc. 1.

Plaintiff alleges that on March 6, 2011, Plaintiff discovered that restitution was being illegally deducted from his trust account without a direct order from the court. *Id.* at 3. On March 6, 2011, Plaintiff filed a motion with the Superior Court of Sacramento County for a copy of the victim restitution order. *Id.* at 3, 7-8. On March 25, 2011, Judge Steve White for the Superior Court of Sacramento County, mailed a response to Plaintiff. *Id.* at 3, 10. Judge White stated that at judgment and sentencing, a court will impose victim restitution pursuant to CA Penal Code § 2085.5(b), and no application by the victim is necessary. *Id.* Plaintiff filed an inmate appeal regarding the restitution being deducted from this trust account, but his appeals were denied. *Id.* at 3-4. Per the abstract of judgment, the court ordered restitution of $10,000. *Id.* at 5. Since the victims did not file a victims' application for restitution, the deduction of funds from Plaintiff's trust account is illegal. *Id.*

For relief, Plaintiff asks the Court to stop the illegal restitution deduction from his trust account, five million dollars in damages per defendant for embezzlement; seventy-five million for breaking federal and state law for embezzlement; and other costs. *Id.* at 3.

## III. Legal Standard and Analysis for Plaintiff's Claims

### A. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Simply naming Dana B. Allen, Associate Warden, as a defendant is insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Dana B. Allen, Associate Warden based upon supervisory liability.

## B. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

## C. Inmate Appeals

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,

1  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann*

2  *v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

3  interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

4  F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

5  prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.

6  *Buckley*, 997 F.2d at 495.

7  Plaintiff seeks to impose liability on individuals related to the inmate appeals process

8  including Defendants D. Foston, Chief, Office of Appeals; Dana B. Allen, Associate Warden,

9  Business Services; Linda T. Kalb, Acct. Officer Supervisor; J. Morgan, CC II; D. Foreman, Appeals

10  Coordinator; L. Harton, AFPA; and T. Neal, CDCR employee. Compl. at 1-3. Generally, denying

11  a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George*

12  *v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to

13  support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969, and there is inadequate factual

14  support for a claim that in denying his inmate appeals, Defendants knew of and disregarded a

15  substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837. Nevertheless, because prison

16  administrators cannot willfully turn a blind eye to constitutional violations being committed by

17  subordinates, there may be limited circumstances in which those involved in reviewing an inmate

18  appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

19  The complaint shows that Defendants reviewed the entire file when making a decision as to

20  Plaintiff's appeal. Thus, there are no facts to show that Defendants willfully turned a "blind eye" to

21  constitutional violations. *Jett*, 439 F.3d at 1098.

22  Plaintiff's claims against Defendant Dana B. Allen, Associate Warden, are even further

23  attenuated as Defendant Warden did not personally deny his appeals. A decision by a defendant's

24  designee provides no basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*,

25  129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010);

26  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934

27  (9th Cir. 2002). Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief

28  under § 1983 based upon the inmate appeals process.

**D. Eleventh Amendment Immunity**

In Plaintiff's complaint, he names California Department of Corrections and Rehabilitation. As a state agency, this defendants is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the California Department of Corrections and Rehabilitation is an improper defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against California Department of Corrections and Rehabilitation.

**E. *Heck* Bar**

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994), provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). California courts apply the same rule to claims under state law that collaterally attack a valid conviction. *See Lujano v. County of Santa Barbara*, 190 Cal. App. 4th 801, 806–08 (2010). *Webb v. City and County of San Francisco*, 2011 WL 6151605 (N.D. Cal. Dec. 12, 2011).

Plaintiff challenges the validity of deducting a restitution fine from his trust account and attaches the judgment of the Sacramento Superior Court. Compl. at 42, Doc. 1. The judgment ordered Plaintiff to pay a restitution fine, pursuant to Cal. Penal Code tit. 8, § 1202.4(b)(1), which provides as follows:

> § 1202.4. Restitution fines; exception; amounts; hearing; disclosure; extension
>
> (b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.
>
> (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor.

Cal. Penal Code tit. 8, § 1202.4(b)(1) (West Eff. Aug. 16, 2004 to Dec. 31, 2005).

Plaintiff does not challenge the fact or duration of his sentence. Thus, his claim is not proper as a § 1983 or federal habeas action because an order of restitution does not satisfy the custody requirement. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002). The claim is not cognizable as it does not challenge the legality of Plaintiff's custody and is barred by *Heck*. Therefore, Plaintiff's complaint must be dismissed.

### F. Embezzlement

Plaintiff alleges embezzlement against Defendants. Plaintiff appears to argue that he is bringing this action to report the alleged criminal behavior of prison officials. However, a violation of a criminal statute does not provide for a private right of action by Plaintiff simply because he claims he has been affected by its alleged violation. Plaintiff's claims for criminal theft and embezzlement must be dismissed because there is no private right of action, either express or implied, under the federal embezzlement statute, 18 U.S.C. § 641. *See Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1472 (9th Cir. 1989) (no private right of action for embezzlement and theft from Indian Tribe). Moreover, it is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual. *See, e.g ., Boyd v. Wilmington Trust Co.*, 630 F. Supp.2d 379, 385 (D. Del. 2009) (the section of the federal criminal statutes relating to embezzlement, theft, misuse of public funds, and stolen property-which includes Sections 641 and 646-does not give rise to a private right of action). Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the court. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney). Thus, Plaintiff's claim fails.

### IV. Plaintiff's Motion for Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive

relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. This action is being dismissed for failure to state a claim. Therefore, the Court lacks jurisdiction over prison officials not parties to a civil action.

### V. Conclusion

Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, however, it does not appear that amendment of the complaint would cure its deficiencies (absent the invalidation of the underlying conviction). Therefore, any further amendment would appear to be futile in light of the fact that Plaintiff's claim is barred by *Heck*. Where amendment would be futile, a complaint may properly be dismissed without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). The Court believes that any amendment to the complaint would be futile, and the complaint should be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for injunction, filed January 4, 2012, is DENIED;

2.    Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is HEREBY DISMISSED, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983;

3.    All pending motions are MOOT for review; and

4.    The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:    May 18, 2012

_____
UNITED STATES MAGISTRATE JUDGE